DECISION.
{¶ 1} Defendant-appellant Kenneth Isham was charged with inducing panic pursuant to R.C. 2917.31(A)(2). At trial, the state called two arresting officers as witnesses. Officer Melissa Cummins testified that she arrived at a fifteen-floor apartment building on West Ninth Street after receiving a radio call. When Cummins arrived at the building, Isham was inside an apartment on the twelfth floor, and Isham's brother was in the hallway talking with another officer. According to Cummins, Isham's brother appeared to be concerned about Isham. Cummins testified that, at that point, the officers evacuated the twelfth floor. After the floor was evacuated, the officer testified that several phone calls were made to Isham. During that time, Cummins stated, she heard a weapon being loaded or unloaded from inside the apartment. About three to five minutes after she heard the noise, Isham walked out of the apartment with his hands in the air.
{¶ 2} Officer Adam Hennie also testified that he responded to a call at the apartment building. Hennie testified that the officers tried unsuccessfully to contact Isham by phone or by knocking on the door. Due to their inability to contact Isham, the officers evacuated the floor and a SWAT team was called in. Hennie testified that he too heard the slide of a shotgun move back and forth several times shortly before Isham opened the door and surrendered.
{¶ 3} At the completion of the state's case, Isham moved for a judgment of acquittal pursuant to Crim.R. 29. He argued that the state had not proved that he had threatened to commit an offense of violence, which is an essential element of R.C. 2917.31(A)(2). The trial court overruled his motion, and he presented his case.
{¶ 4} Isham testified on his own behalf. Isham testified that he had been staying at his brother's apartment when he heard the police knock at the front door and saw an officer standing outside his brother's apartment. Isham testified that, after hearing the officer's knock, he talked with his uncle on the telephone about how to respond to the officers. About fifteen minutes after Isham first observed the officers, he opened the door and put his hands in the air.
{¶ 5} After the defense rested, Isham again moved for a judgment of acquittal pursuant to Crim.R. 29, which was denied. Thereafter, the trial court entered a finding of guilty to a violation of R.C. 2917.31, inducing panic.
{¶ 6} In his sole assignment of error, Isham contends that the evidence was insufficient to sustain his conviction for inducing panic. The United States Constitution prohibits the criminal conviction of any person except on proof sufficient to convince the trier of fact of guilt beyond a reasonable doubt.[1] Whether the evidence is legally sufficient to sustain a conviction is a question of law.[2] A conviction based upon legally insufficient evidence amounts to a denial of due process.[3] Thus, if we sustain Isham's insufficient-evidence claim, the state will be barred from retrying him.[4]
{¶ 7} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial and determine whether such evidence, if believed, could have convinced any rational trier of fact that the essential elements of the crime were proven beyond a reasonable doubt.[5] In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses, as both functions are reserved for the trier of fact.[6]
{¶ 8} Because Isham was charged with inducing panic pursuant to R.C. 2917.31(A)(2) and because he was found guilty of inducing panic, our analysis focuses on whether sufficient evidence was presented at trial to demonstrate that Isham had violated R.C. 2917.31(A)(2).[7] R.C.2917.31(A)(2) states the following:
 {¶ 9} No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following: * * * (2) Threatening to commit any offense of violence.
 {¶ 10} Based upon our review of the record, we conclude that there is no evidence that Isham threatened to commit any offense of violence causing the evacuation of a public place or serious public inconvenience or alarm. First, there is no evidence that Isham threatened or pointed a gun at anyone. Rather, the only testimony relating to a perceived threat is the officers' testimony that they heard the sound of a shotgun being loaded or unloaded. This noise was, however, heard after the building had been evacuated.
{¶ 11} Second, there is no evidence that an alleged offense of violence caused the evacuation of the building, because the officers' testimony centered on what occurred after the building was evacuated. In fact, it is entirely unclear from the record why the officers evacuated the building in the first place. Thus, while the evacuation of the building by the officers may have been prudent, the state failed to provide any evidence of the events that led to the evacuation of the building or to other serious public inconvenience or alarm.
{¶ 12} Finally, it cannot be argued that the officers were inconvenienced within the contemplation of R.C. 2917.31(A), because they were acting within their official capacity.[8] Without more, sufficient evidence was not presented that Isham committed an offense of violence causing the evacuation of the apartment building or serious public inconvenience or alarm. Under these circumstances, the state did not prove the essential elements of inducing panic, in violation of R.C.2917.31(A)(2), beyond a reasonable doubt. Isham's assignment of error is, accordingly, well taken.
{¶ 13} Therefore, the judgment of the trial court is reversed and Isham is discharged from further prosecution in this case.
Judgment reversed and appellant discharged.
Gorman, J., concurs.
Painter, P.J., concurs separately.
[1] See In Re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541.
[3] See id. at 386-387, citing Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211.
[4] See State v. Thompkins, supra, at 387; State v. Freeman (2000),138 Ohio App.3d 408, 424, 741 N.E.2d 566.
[5] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89,684 N.E.2d 668.
[6] See State v. Willard (2001), 144 Ohio App.3d 767, 777-778,761 N.E.2d 688.
[7] The state erroneously argues in its appellate brief that Isham was convicted of inducing panic pursuant to R.C. 2917.31(A)(3)
[8] See State v. Kristofferson, 1st Dist. App. No. 010322, 2002-Ohio-712, citing State v. Miller (1980), 67 Ohio App.2d 127,426 N.E.2d 497.